**UNITED STATES v. McNEIL.**

No. 1237.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 22, 1952.

Decided Oct. 23, 1952.

William B. Bryant, Asst. U. S. Atty.,
Washington, D. C., Charles M. Irelan, U. S.
Atty., and Joseph M. Howard and John B.
Diamond, 3rd Asst. U. S. Attys., Washington, D. C., on the brief, for appellant.

Raymond A. Brownlow, Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee was charged by information
with the crime of petit larceny. Before arraignment, according to the statement of
proceedings and evidence, appellee's counsel "orally requested the Court to entertain
a motion to quash the arrest and to suppress
the evidence." Thereupon officer Fielder
was called to the witness stand and testified
that appellee was arrested without a warrant. The circumstances of the arrest were
that the witness and a fellow officer, both in
plain-clothes and driving an unlettered police car, were driving south on Tenth Street
when they saw appellee walking along the
street. They observed a bulge under appellee's overcoat which he was supporting with
his arm and they stopped the car and officer
Fielder opened the door. Appellee, who
was then 10 or 15 feet away, saw the officer
getting out of the car and began to run,
dropping three boxes as he did so. The
officer pursued him and caught him about
two blocks away and brought him back to
the car. The other officer was waiting there
with three boxes of hosiery which appellee
had dropped when he began to run. A
civilian had picked up the boxes and turned
them over to the officer.

On this testimony the judge overruled the
motion to quash the arrest. Appellee's
counsel then announced he was ready for

trial, reserving the right to renew his motion. The arresting officer remained on the witness stand and the Government began to put on its case in chief. While the officer was being questioned by Government counsel, appellee's counsel interrupted and asked the court to reconsider the ruling on the motion, contending that the arrest was illegal. After argument by both counsel the trial judge announced that upon reconsideration he would grant the motion, suggesting that a warrant should have been, or should be, obtained. Appellee was discharged and the information was marked "Motion to Quash Arrest Granted." The Government has appealed.

Argument is made by appellee[1] that the case is to all intents and purposes moot because, whether the action of the trial court was right or wrong, any attempt to again bring appellee to trial will be met by a plea of former jeopardy. We think this argument is unsound. The ruling of the trial court was on a preliminary motion and although the ruling was made after trial had commenced it was made at the instance of appellee. When a defendant creates the situation whereby he is removed from jeopardy he thereby waives his right to plead former jeopardy at another trial of the case.[2]

We think the action of the trial court in "quashing the arrest" was plainly a wrong procedure. Appellee was in court charged by information with the commission of a crime. We have twice ruled that a court will not inquire into the manner in which an accused is brought before it. United States v. Laffal, D.C.Mun.App., 83

A.2d 871; Davenport v. District of Columbia, D.C.Mun.App., 61 A.2d 486. Very recently the Supreme Court in Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 511, said: "This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reasons of a 'forcible abduction.'"

We have found no authority in law for a motion to quash an arrest as distinguished from a motion to quash a warrant of arrest or to quash an information or indictment.[3] The illegality of an arrest is material when it is the basis for a motion to suppress evidence obtained as a result of such an arrest.[4] Here, although the oral motion to quash the arrest was coupled with a motion to suppress the evidence, the trial court did not order the evidence suppressed. No evidence was seized as the result of the arrest. The boxes were abandoned by appellee in his flight before an arrest was even attempted, and taking possession of the abandoned articles was not an unlawful seizure. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898. The only order of the trial court, as shown by the record, was to grant the motion to quash the arrest.[5] As we have indicated, such action was not only improper, it was useless. The information remained in full force and effect. No purpose could be served by discharging appellee from custody and then having him brought back into court by a warrant of arrest. He was in court and

1. No brief was filed for appellee, but we permitted oral argument by his counsel.
2. Pratt v. United States, 70 App.D.C. 7, 102 F.2d 275; Barrett v. Bigger, 57 App.D.C. 81, 17 F.2d 669, certiorari denied, 274 U.S. 752, 47 S.Ct. 765, 71 L.Ed. 1332; Blocher v. State, 177 Ind. 356, 98 N.E. 118; Brown v. State, 109 Ga. 570, 34 S.E. 1031.
3. We note that Municipal Court Criminal Rule 10, like Fed.Rules Crim.Proc. rule 12, 18 U.S.C.A., has abolished motions to quash.

4. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; United States v. Blok, 88 U.S.App.D.C. 326, 188 F.2d 1019, affirming Blok v. United States, D.C.Mun.App., 70 A.2d 55.

5. Municipal Court Criminal Rule 28, like Fed.R.Crim.P. rule 47, provides that a motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. Had the trial court required that the motion here under consideration be in writing, there would be less confusion in the record as to the nature of the motion, its grounds, and the action taken on it.

the charge against him should have been tried.

 However, appellee has been discharged and now can be brought back to trial only by a warrant. The sole order before us is that granting the motion to quash the arrest. It was not a final order and our reversal of it would accomplish nothing. When appellee was discharged the Government could have immediately secured a warrant for his arrest. It can still do so. There is no appealable order before us.

Appeal dismissed.