**Robert T. HOWARD, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1936.

Municipal Court of Appeals for the District of Columbia.

Argued March 25, 1957.

Decided May 27, 1957.

T. Emmett McKenzie, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of making an indecent sexual proposal and sentenced to 360 days in jail. He has appealed alleging that (1) the failure of the trial court to quash the arrest and dismiss the information constituted error, (2) there was insufficient evidence to sustain the conviction, and (3) the sentence imposed was in excess of the maximum permitted under the statute.

The motion to quash was based on the contention that the police officer, who made

the arrest without a warrant, had no basis to conclude that a criminal offense had been committed in his presence. Appellant argues that the arrest was therefore invalid, and that the court should have ordered it quashed and dismissed the information. We need not decide the legality or illegality of the arrest, for in this case it is immaterial. No motion was made to suppress any evidence obtained as a result of the arrest. The claim of illegality of arrest is being used by appellant to question the trial court's jurisdiction; but we have held that a court will not inquire into the manner in which an accused is brought before it. Davenport v. District of Columbia, D.C.MunApp., 61 A. 2d 486; United States v. Laffal, D.C.Mun. App., 83 A.2d 871; United States v. McNeil, D.C.Mun.App., 91 A.2d 849. The trial court's refusal to grant the motion was clearly correct.

■ In support of the second claim of error, appellant relies on the decision in Kelly v. United States, 90 U.S.App.D.C. 125, 129, 194 F.2d 150, 155. There the court counseled that in prosecutions for offenses of this nature "the trial courts require corroboration of the circumstances surrounding the parties at the time, such as presence at the alleged time and place and similar provable circumstances." Appellant contends that here such corroborative evidence was totally lacking. We cannot agree.

The testimony of complainant, a young boy, was that appellant had twice made indecent proposals to him on the evening of the arrest. He stated that the first proposal was made in a neighborhood restaurant while he was there purchasing a "take out" order of food, and the second on the sidewalk near the corner of Georgia Avenue and Rittenhouse Street, Northwest, immediately prior to the arrest. The ar-

resting officer testified that while standing on the sidewalk near the Georgia Avenue-Rittenhouse Street intersection, he looked across the street and observed appellant "grab hold of" complaining witness and saw the boy jump back and draw from his pocket what appeared to be a knife. Crossing the street, he inquired as to the difficulty and was told by the boy that appellant had made a sexual proposal which can only be characterized as lewd and indecent. We think this sufficient to satisfy the corroboration requirement set forth in the Kelly case. To require more would make it necessary for the government to present a witness who actually heard the proposal made. In view of the nature of the offense, this would be requiring the almost impossible.

■ Appellant's final contention, i. e., that the sentence imposed was excessive, is well founded. Prosecution was under Code 1951, § 22–1112 (Supp.V). There are two parts to this section. Subsection (a) makes it unlawful "to make any lewd, obscene, or indecent sexual proposal, * * * under penalty of not more than $300 fine, or imprisonment of not more than ninety days, or both." Subsection (b) provides that "Any person or persons who shall commit an offense described in subsection (a), knowing he or she or they are in the presence of a child under the age of sixteen years, shall be punished by imprisonment of not more than one year, or fined in an amount not to exceed $1,000, or both." It is conceded that the information follows the wording of subsection (a) and that the penalty imposed was in excess of that permitted by subsection (a), but within that provided for by subsection (b).[1]

Section 1112 (b) states conditions under which the offenses described in Section 1112(a) become aggravated, warranting in-

---

[1]. It may be noted that not only did the information fail to charge that the offense was committed in the presence of children under the age of sixteen, but also that there was no evidence introduced as to the specific age of the complaining witness. The record merely discloses that he was a "young boy."

crease in penalty, and any aggravation of an offense for which the law authorizes an increase in punishment must be stated in the indictment or information.[2] If the facts in aggravation are not charged, sentence under the section punishing for an aggravated offense is erroneous.

Accordingly, the case is remanded to the trial court with instructions to vacate the existing sentence and to resentence appellant in accordance with Code 1951, § 22–1112(a), Supp. V.

It is so ordered.

**2.** Jordan v. United States, 98 U.S.App.D.C. 160, 233 F.2d 362; Meyers v. United States, 5 Cir., 116 F.2d 601. See Annotation, 125 A.L.R. 605.