George HOUSTON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2311.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 12, 1959.

Decided March 31, 1959.

2. Cf. Ray v. United States, 5 Cir., 1955, 228 F.2d 574, 580–581, certiorari denied, 1956, 351 U.S. 968, 76 S.Ct. 1034, 100 L.Ed. 1487.

Gilbert R. Giordano, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of operating a motor vehicle during a period for which his operator's permit had been revoked.[1] Admitting the revocation of his permit, appellant contends that the evidence did not justify a finding that he operated the vehicle. At trial no testimony was taken and the case was submitted on the following stipulated facts.

An automobile (ownership of which is not disclosed) was parked (standing) facing east, on the north sidewalk of a one-way street; appellant (the only occupant as far as disclosed) was sitting behind the steering wheel and the motor was running; but, in the words of the stipulation, "the automobile never moved."

Appellant's argument is that operation of a motor vehicle requires some movement of the vehicle or at least some act of working its mechanism, and that his sitting

1. Code 1951, § 40–302(d).

behind the steering wheel of the standing vehicle with its motor running did not constitute operation of the vehicle.

We recently pointed out, in Richardson v. District of Columbia, D.C.Mun.App., 134 A.2d 492, that the courts throughout the country have not been in accord in construing the word "operate" when used in traffic statutes and regulations, but the present trend appears towards giving the word a broad rather than limited meaning. In that case we looked to the definition of the word given in related statutes as a guide for its construction in the statute there involved. In the present case we follow the same procedure.

Our Motor Vehicle Safety Responsibility Act defines driver or operator as:

"Every person who drives or is in actual physical control of a motor vehicle upon a public highway or who is exercising control over or steering a vehicle being pushed or towed by a motor vehicle upon a public highway."[2]

The traffic and Motor Vehicle Regulations, Part I, Art. 1, section 2, defines driver or operator as:

"Every person who drives or is in actual physical control of a vehicle."

■ Under those definitions, and we think it not unreasonable to ascribe them to the statute here involved, an operator is one who "is in actual physical control" of a vehicle upon a public highway. Construing a similar definition, it was said in State v. Ruona, Mont., 321 P.2d 615, 618:

"The above definition makes it apparent that movement of the vehicle is unnecessary to charge an offense under this provision of the statute. Thus one could have 'actual physical control' while merely parking or standing still so long as one was keeping the car in restraint or in position to regulate its movements. * * * As long as one were physically or bodily able to assert dominion, in the sense of movement, then he has as much control over an object as he would if he were actually driving the vehicle."[3]

■ Under the stipulated facts of this case, and in the absence of any explanatory testimony from appellant, the trial court was justified in finding that appellant was in actual physical control of the vehicle, capable of putting the vehicle into movement or preventing its movement, and therefore operating the vehicle within the meaning of the statute. Furthermore, the circumstances here disclosed, we believe, would support a reasonable inference that the automobile arrived in its position by appellant's operation of it.

■ Appellant also argues that the traffic statutes and regulations are directed at operation of motor vehicles on public highways and that operation of a vehicle on a sidewalk is not operation on a public highway. This argument hardly needs answering. It is true that sidewalks are not designed or intended for motor vehicle traffic, but a public sidewalk is part of the public highway.

Affirmed.

2. Code 1951, Supp. VI, § 40–418.

3. See also State v. Webb, 78 Ariz. 8, 274 P.2d 338.