**Elliott PERRY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2568.**

Municipal Court of Appeals for the
District of Columbia.

Argued June 6, 1960.

Decided July 29, 1960.

Anthony J. Noone, Washington, D. C.,
for appellant.

John R. Hess, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee. Harry T. Sisk, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was convicted of operating an automobile while under the influence of intoxicating liquor. His sole ground for appeal is that there was insufficient evidence to justify a finding by the court that he was operating the vehicle.

The evidence introduced by the District was to the effect that about 10:15 p. m. on September 16, 1959, an employee of the District Government was operating a District-owned automobile in a northwesterly direction on Massachusetts Avenue, N. W., near the intersection of Wisconsin Avenue, when he observed a 1958 model blue Chevrolet sedan, bearing a D. C. license tag with the number 582, proceeding in front of his vehicle. He noticed the Chevrolet weave from side to side in the right-hand lane of Massachusetts Avenue and then make a right turn north into Wisconsin Avenue. He observed two men in the front seat of the car but was unable to identify them. He reported his observations and a description of the vehicle to a Police Department dispatcher by means of the radio in his car.

Officer Carroll of the Police Department testified that on the same night at about 10:25 while cruising in a police patrol car in the immediate area, he was stopped by a "citizen" who informed him that just a few minutes prior he had observed a 1958 blue Chevrolet sedan, bearing D. C. license tag KG 582, going north on Wisconsin Avenue collide with another automobile a short distance north of the intersection of Massachusetts and Wisconsin Avenues. The officer, while cruising in the area about five minutes later, saw the Chevrolet parked alongside the curb in the 5500 block of Wisconsin Avenue. Appellant was sitting in the driver's seat slumped over the steering wheel. The keys were in the ignition but the motor had been turned off. A man named McGray was in the front seat beside the appellant; both men had a strong odor of alcohol on their breaths and both were intoxicated in the opinion of the officer. They denied any knowledge of the collision which was reported by the informant, although Carroll noticed what appeared to be recent damage to the left front fender of appellant's automobile. He also testified that the Chevrolet was officially registered in the name of the appellant.

Officer Holden testified that about 10:30 on the evening in question, in response to a radio call, he drove to the 5500 block of Wisconsin Avenue and there observed the appellant and McGray sitting in a 1958 model blue Chevrolet sedan, bearing D. C. license tag number KG 582. The car was parked alongside the curb and he observed the appellant sitting in the driver's seat slumped over the steering wheel, with Mc-Gray in the seat beside him. Both men in the opinion of the officer were very intoxicated, talked incoherently and walked unsteadily. Appellant was arrested and the following day he was charged with the offense of which he was convicted.

Appellant testified that he had been with McGray during most of the day; that the two of them had had several drinks together and that they had been to a local golf course and various other places during the day. He claimed that about 7 p. m. while they were at 7th and P Streets, N. W., he turned the car over to McGray since he felt that he was in no condition to drive safely. He said he then fell asleep and did not drive the car at any time thereafter prior to his arrest, and did not know how it came to be parked where the police found it. He admitted that when Officer Holden charged him with driving while under the influence of liquor he told the officer he had been drinking with McGray on the day in question and also told him that he had not driven his automobile after turning it over to McGray.

McGray testified that he had been drinking with the appellant on the day in question; that early in the afternoon while at 7th and P Streets, N. W., appellant had asked him to drive the automobile but that he could not recall whether he had driven it to the place where the officer found it parked.

We have no difficulty in deciding that upon the evidence in this case, which we have recited in detail, the court was justified in finding that appellant was under the influence of liquor; and also that taking the probative nature of the circumstantial evidence and the credibility of the witnesses into consideration the court had ample grounds to conclude that appellant had operated the vehicle while in that condition.[1]

Affirmed.

---

[1]. See Judge Hood's opinion in Houston v. District of Columbia. D.C.Mun.App., 149 A. 2d 790.