**Lawrence E. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 2832.**

Municipal Court of Appeals for the District of Columbia.

Argued July 31, 1961.

Decided Sept. 15, 1961.

Diana K. Powell, Washington, D. C., for appellant.

Robert Brewer Norris, Asst. U. S. Atty., Washington, D. C., with whom David C. Acheson, U. S. Atty., and Charles T. Duncan, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD, and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This is an appeal from a conviction for unlawful entry under Code 1951, 22–3102 (Supp. VIII).

A police officer at about 1:50 a. m. heard a burglar alarm coming from a television company. Upon investigation he noticed two negro males fleeing from the area in the rear of the premises. At the time he was approximately twenty-five feet from the subjects and immediately gave chase. As the fleeing suspects passed under a street light, the officer observed that one of them was dark-skinned and of medium height and was wearing a blue hooded sweater and khaki pants. After running two blocks the officer temporarily lost the suspects, but a minute later observed the appellant wearing a blue hooded sweater, khaki pants, and otherwise fitting the description of one of the suspects, knocking on a door in the area. Appellant was panting and sweating as if he had been running. Upon questioning ap-

pellant denied being near the television company and stated that he was waiting to meet a friend. Appellant was placed under arrest and charged with housebreaking, which charge was later changed to unlawful entry.

On this appeal appellant contends, among other things, that the court was without jurisdiction to try the case because the arrest was illegal. It is argued that since appellant was convicted of a misdemeanor, an arrest warrant was necessary because the crime was not committed in the presence of the arresting officer.[1] The record reveals that the arrest was predicated on the officer's probable cause that appellant was the perpetrator of a housebreaking and that he was originally booked for this felony. Furthermore, the legality or illegality of an arrest is immaterial when there is no motion to suppress evidence obtained as a result of the arrest.[2] Here no evidence was obtained as a result of the arrest, and under such circumstances, it is well settled that a court will not inquire into the manner in which an accused is brought before it.[3] We have examined appellant's other assignments of error and find them without merit.

Affirmed.

1. Code 1951, 4–140.

2. Howard v. District of Columbia, D.C. Mun.App., 132 A.2d 150; United States v. McNeil, D.C.Mun.App., 91 A.2d 849 and cases cited therein.

3. Howard v. District of Columbia, supra, note 2; United States v. McNeil, D.C. Mun.App., 91 A.2d 849; United States v. Laffal, D.C.Mun.App., 83 A.2d 871; Davenport v. District of Columbia, D.C.Mun. App., 61 A.2d 486.