THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SINFOROSO GONZÁLEZ CHARÓN, Defendant and Appellant.

No. 17047.   Decided September 15, 1961.

---

*E. Alcaraz Casablanca* for defendant-appellant.  *J. B. Fernández Badillo, Attorney General of Puerto Rico,* and *Nilita Vientós Gastón, Assistant Attorney General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, and Mr. Justice Serrano Geyls and Mr. Justice Rigau.

PER CURIAM.

Appellant was convicted of a violation of § 77 of Act No. 6 of June 30, 1936, as amended.   (Beverages Act.)

On appeal he assigns as sole error the admission of the evidence seized by the Internal Revenue agents.   He alleges that said agents without a search warrant and without having made a legal arrest, "searched a bag owned by and in possession of the appellant and proceeded to search a vehicle owned by him"; which search therefore, was illegal.

Briefly stated the facts are as follows.   One evening two Internal Revenue agents who were travelling in a car, saw another car, owned by appellant, parked at the edge of the road with the car trunk open.   When they approached the car, the agents saw the appellant and another person carrying a bag apparently towards the open trunk of said car.   Upon

noticing the presence of the agents, these two persons dropped the bag and when it hit the ground, the bag as well as a glass container which was within the bag broke, spreading the smell of "cane rum." The appellant and the other person fled. The agents pursued them and managed to arrest the other person but failed to catch appellant. Then they opened the bag which the aforesaid two persons had thrown on the ground and found cane rum in it, that is, distilled spirits on which the corresponding tax had not been paid. They also found cane rum in the front seat and in the trunk of the car.

■ It is unnecessary to decide in this case whether or not the search of appellant's car was legal. It is likewise unnecessary to determine for the purposes of this case whether the arrest of the other person who accompanied the appellant was legal. It suffices to say that the evidence seized by the Internal Revenue agents, which was in the bag that the appellant and his partner left on the road, if admissible, as undoubtedly it is, is sufficient to support appellant's conviction.

■ The constitutional guarantee against illegal searches and seizures is not involved herein. Said guarantee is not extended to the seizure of evidence which is abandoned or thrown into an open field, as is a public road. *Hester* v. *United States*, 265 U.S. 57, 68 L.Ed. 898; *Abel* v. *United States*, 362 U.S. 217, 241; *People* v. *Gaunders*, 108 N.E.2d 483; *United States* v. *McNeill*, 91 A.2d 849; *People* v. *Bly*, 12 Cal. Reptr. 542; *Burton* v. *United States*, 272 F.2d 473; *State* v. *Quinn*, 97 S.E. 62. *Cf. Ríos* v. *United States*, 364 U.S. 253.

The error assigned not having been committed, the judgment appealed from will be affirmed.