**DISTRICT OF COLUMBIA, Appellant,**

v.

**James B. PERRY, Appellee.**

**Nos. 3744–3746.**

District of Columbia Court of Appeals.

Argued Sept. 27, 1965.

Decided Jan. 10, 1966.

John R. Hess, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Denis K. Lane, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

By separate informations, appellee was charged with operating an automobile (a) in excess of the speed limit,[1] (b) while under the influence of intoxicating liquor,[2] and (c) with not exhibiting his operator's permit upon demand of a police officer.[3] At the hearing upon his motion to suppress the evidence and dismiss the informations, the following facts were developed:

A Maryland State Police officer had observed an automobile being operated at a high rate of speed in Maryland by a driver later identified as appellee. The officer pursued the car and radioed the United States Park Police for assistance. Pursuit continued into the District of Columbia at a speed of 65 miles per hour in a posted 50 miles per hour zone. Appellee was ultimately stopped approximately one-half to three-quarters of a mile within the District of Columbia. He was informed by the Maryland officer that he had been stopped for a speed violation which started in Maryland and was asked if he would return to Maryland. Appellee replied he was undecided about doing so. Shortly thereafter a member of the United States Park Police arrived at the scene and was told by the Maryland officer that he had noted appellee driving in excess of the speed limit and, after overtaking and stopping him in the District, had observed him to be in a drunken condition.

Appellee was standing outside his car at this time. The Park Police officer then requested him to exhibit his operator's permit. Appellee stated he would go home and obtain it and entered his car. Thereupon, the Park Police officer, having himself detected the odor of alcohol on appellee and believing him to be intoxicated, reached into appellee's car, removed the keys and placed him under arrest. Appellee was then taken to the nearest precinct where, after being fully advised of his rights, he voluntarily submitted to a urine test, the result of which revealed therein .28 per cent of alcohol by weight, sufficient to constitute prima facie proof that appellee was under the influence of intoxicating liquor.[4]

The trial judge ruled that appellee was illegally arrested for the speed violation by the Maryland trooper who had no authority to arrest in the District of Columbia, as well as by the Park Police officer because speeding, a misdemeanor, was not committed in the presence or view of the latter officer and therefore appellee could not have been arrested without a warrant. Appellee's motion to suppress the evidence and dismiss the speeding charge was then granted. The trial judge also ruled that appellee's arrest by the Park Police officer for operating an automobile while under the influence of intoxicating liquor and for failure to show his operator's permit arose out of the illegal arrest by the Maryland State Police officer and was therefore invalid and granted the motion to suppress

1. 40 D.C.Code, 1961 § 605(a).

2. 40 D.C.Code, 1961 § 609(b).

3. 40 D.C.Code, 1961 § 301(c).

4. 40 D.C.Code, 1961 § 609a(a)(3).

the evidence in respect thereto [5] and to dismiss these charges.

The District of Columbia then noted this appeal, urging error (1) in dismissing the informations prior to any hearing on the merits of the charged offenses; (2) in finding that appellee's arrest was illegal; and (3) in granting the motion to suppress.

We have ruled that a court will not inquire into the manner in which an accused is brought before it.[6] The reason for this rule is obvious. A guilty person should not be permitted to escape justice after being apprised of the charges against him and after being rightfully convicted merely because he was brought to trial against his will.[7] However, the illegality of an arrest is material when it forms a basis for a motion to suppress evidence obtained as a result of such arrest.[8] The primary question here is whether appellee was illegally arrested. If so, then the court below quite properly granted appellee's motion to suppress the evidence and dismiss the informations. If not, then we must reverse the court's rulings.

The term "arrest" has a well-defined meaning. As we stated in Price v. United States, D.C.Mun.App., 119 A.2d 718 (1956), the essence of an arrest "is a restriction of the right of locomotion or a restraint of the person." One is not arrested, however, simply because he is stopped by a police officer and questioned as to his identity and actions. But where a person, operating an automobile, is overtaken, stopped and confronted with a charge of speeding by a police officer, as here, an arrest takes place. While the record reveals that the Park Police officer formally placed appellee under arrest and filed the charges against him, it cannot be doubted that appellee, after being stopped by the Maryland officer, was not free to get into his car and leave whenever he wished.

Having determined that appellee was arrested by the Maryland officer, we next consider whether a Maryland State Police officer has authority to arrest within the District of Columbia.

The only authority for a Maryland State Police officer to arrest a person within the District of Columbia exists by virtue of the Uniform Act on Fresh Pursuit [9] which grants a peace officer of another state who enters the District of Columbia in fresh pursuit of a person believed to have committed a *felony* the same authority to arrest as District of Columbia peace officers. That authority cannot be relied on here, however, as the traffic violation of speeding is considered a *misdemeanor* in the State of Maryland [10] and in the District of Columbia.[11] It is therefore clear that the Maryland State Police officer arrested appellee without authority.[12]

Appellee's formal arrest by the United States Park Police was also invalid

5. Although the evidence to be suppressed was not specified by either appellee or the trial judge, we presume it was intended to suppress *all evidence* which was the result of the illegal arrests, including both the results of the urine analysis test, despite voluntarily given by appellee, as well as the testimony of the Maryland officer. See McLindon v. United States, 117 U.S.App.D.C. 283, 329 F.2d 238 (1964); Williams v. United States, 105 U.S.App.D.C. 41, 263 F.2d 487 (1959); and Bynum v. United States, 104 U.S.App.D.C. 368, 262 F.2d 465 (1958).

6. Smith v. United States, D.C.Mun.App., 173 A.2d 739 (1961); Howard v. District of Columbia, D.C.Mun.App., 132 A.2d 150 (1957); United States v. McNeil, D.C.Mun.App., 91 A.2d 849 (1952) and cases cited therein.

7. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

8. United States v. McNeil, supra, note 6.

9. 23 D.C.Code, 1961 § 501.

10. Md.Code Ann.Art. 66½, § 338 (1957).

11. 40 D.C.Code, 1961 § 605.

12. We find no merit to appellant's argument that the officer was making a "citizen arrest" at the time that he stopped appellee.

as the offenses of operating an automobile in excess of the speed limit and while under the influence of intoxicating liquor were not committed in the presence of, or within the view of, the officer.[13] On the other hand, the offense of failure to exhibit an operator's permit, while committed within the officer's presence, is directly traceable to the illegal stopping in the District of Columbia by the Maryland State Police officer and the subsequent illegal arrest by the United States Park Police officer, and cannot be upheld.

In view of the taint upon all the evidence arising out of the illegal arrest and detention of appellee by the officers and absent any showing that the government in fact possessed other competent and relevant evidence against him and had proffered it to the trial judge for use at a trial on the merits which would reasonably establish the three charges without need of the suppressed evidence, we find no error under the circumstances in the dismissal of the three informations without requirement that this action be postponed for that purpose to the trial date.

Affirmed.

HOOD, Chief Judge (dissenting):

The opinion of the majority is based upon its conclusion that appellee's arrest was illegal, and with this I cannot agree. Although the Maryland officer stopped appellee because of his excessive speed, he did not arrest him. The Maryland officer told appellee that he could either follow him back to Maryland or remain in the District. This language indicates clearly that the Maryland officer realized he had no authority to make an arrest in the District and in effect informed appellee that he was not under arrest. It is plain that appellee did not understand he was under arrest because he told the officer he would not accompany him to Maryland. This is further evidenced by appellee's going to his car and entering it, preparing to drive away. It was then that he was arrested. In the words of the Park policeman, "When he got into the car, I placed him under arrest for operating under the influence." In my opinion this was a legal arrest. The Park policeman had observed appellee when he was talking to the Maryland officer and from his observation had concluded that appellee "was in a drunken condition." Was the officer required to stand idly by while a man in this condition drove away? When appellee entered the car, with the keys in the ignition, he was in full control of the car and was the operator.[1] I think the Park policeman would have been derelict in his duty had he not arrested appellee.

Even if the arrest were illegal, the order of suppression should have been more specific with respect to the particular items of evidence to be suppressed. In view of its grant of the motion to suppress "all evidence obtained as the result of his arrest," I think it must be assumed that the court intended to suppress all testimony by both the Maryland officer and the Park policeman concerning anything observed by either of them after appellee was stopped. Giving this broad sweep to the order of suppression, it could not, or at least should not, have the effect of suppressing the Maryland officer's testimony concerning the excessive speed charge, because the excessive speed was observed by the officer prior to stopping appellee. It may be argued that the identification of appellee was obtained after he was stopped and that evidence of excessive speed without identification of the driver amounts to nothing. This brings up the much discussed and much argued doctrine of "the fruit of the poisonous tree."

The limits of this exclusionary rule have been stated in general terms but its application to a particular state of facts has caus-

13. 4 D.C.Code, 1961 § 140; Maghan v. Jerome, 67 U.S.App.D.C. 9, 88 F.2d 1001 (1937).

1. See Houston v. District of Columbia, D.C.Mun.App., 149 A.2d 790 (1959); Perry v. District of Columbia, D.C.Mun. App., 162 A.2d 769 (1960).

ed difficulty.[2] The Supreme Court has said: "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police."[3] The sweeping order of the trial court, suppressing "all evidence" obtained as a result of the arrest, appears to me contrary to the holding of the Supreme Court.

Putting aside the suppression order, I turn to the orders of the dismissal of the informations. Generally an information may be attacked only for defects apparent on its face.[4] The mere fact that a motion to suppress is granted furnishes no basis for dismissing the information. As was pointed out in Coppedge v. United States, 114 U.S.App.D.C. 79, 82, 311 F.2d 128, 131 (1962), cert. denied 373 U.S. 946, 83 S.Ct. 1541, 10 L.Ed.2d 701: "The ultimate safeguard for the individual accused is at the trial where rules of evidence exclude incompetent testimony and where a timely motion requires the exclusion of evidence obtained in violation of the accused's constitutional rights."

There is authority for the proposition that a court may in its discretion dismiss an indictment or information when it clearly appears that the charge is supported by evidence clearly incompetent or which would not be admissible at trial. If such an action is ever justified, it is only in those extreme cases where it is clear beyond doubt that the government has no competent evidence to support the charge. " * * * the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light."[5] Here the trial court appears to have assumed that the orders of dismissal automatically followed the order of suppression. This was error.

In connection with the dismissal of the informations, it should be recalled that the government may not appeal from a pre-trial order suppressing evidence.[6] This raises the interesting question here whether the trial court, after suppressing evidence, may by the simple expedient of dismissing the informations make appealable that which is not appealable.[7]

I would hold that the arrest by the Park policeman was a valid arrest and reverse the orders of suppression and dismissal. Even if the arrest was illegal, I would reverse the order of suppression on the ground that it was too broad in character, and order the informations reinstated and permit the admissibility of the specific items of evidence to be tested at trial.

2. See Smith v. United States, 120 U.S. App.D.C. 160, 344 F.2d 545 (1965); Edwards v. United States, 117 U.S.App. D.C. 383, 330 F.2d 849 (1964); McLindon v. United States, 117 U.S.App.D.C. 283, 329 F.2d 238 (1964); Smith v. United States, 117 U.S.App.D.C. 1, 324 F.2d 879 (1963), cert. denied 377 U.S. 954, 84 S.Ct. 1632, 12 L.Ed.2d 498; Williams v. United States, 105 U.S.App.D.C. 41, 263 F.2d 487 (1959); Bynum v. United States, 104 U.S.App.D.C. 368, 262 F.2d 465 (1958).

3. Wong Sun v. United States, 371 U.S. 471, 487–488, 83 S.Ct. 407, 9 L.Ed.2d 441.

4. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

5. Di Bella v. United States, 369 U.S. 121, 129, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

6. Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957).

7. See United States v. Tane, 329 F.2d 848 (2d Cir. 1964), and United States v. Kanan, 341 F.2d 509 (9th Cir. 1965).