Dianne **FEELEY**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 20275.

United States Court of Appeals
District of Columbia Circuit.

Argued March 9, 1967.

Decided May 22, 1967.

---

Miss Marilyn Cohen, Washington, D. C., for appellant.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Mr. Charles T. Duncan, Corporation Counsel, Mr. Milton D. Korman, Principal Asst. Corporation Counsel at the time the brief was filed, and Mr. Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee. Mr. Richard W. Barton, Asst. Corporation Counsel, also entered an appearance for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

**PRETTYMAN, Senior Circuit Judge:**

This case is one of a number brought in the Court of General Sessions of the District of Columbia. They concerned a large number of people involved in the same incidents. After convictions in that court by a judge without a jury, the cases were appealed to the Court of Appeals of the District of Columbia. There they were affirmed but remanded for resentencing. We granted petitions for review here.

The records in the several cases differ in the details of recitation, but the facts are the same and similar questions are posed. We find it unnecessary to reach the constitutional issues raised. We select the present case for discussion.

Appellant was charged under two informations brought on behalf of the District of Columbia by the Corporation Counsel. She, together with several hundred others (variously estimated at from two hundred to eight hundred), had assembled on the Monument Grounds in a peace demonstration. After an all-day meeting they obtained a permit from the Park Police to march up the Mall to Third Street, Northwest. Next morning they held their parade in considerable numbers. As they approached the designated terminus they were warned over loud-speakers (sometimes called bull horns) that they were approaching the Capitol grounds and would be violating the law if they passed that boundary without proper authority.

The geography of the situation is that the United States Capitol Building, where the houses of Congress hold their sessions, stands in the midst of a plot of ground several acres in extent, bordered on the west by First Street, Northwest.[1] Two walkways, one in the northern segment of the grounds and the other in the southern segment, swing in great circles from First Street, up the hill, around the Capitol Building, and terminate at the entrances on the East Front.

The marchers, disregarding the warnings of the police, crossed First Street, entered the grounds, and proceeded several hundred yards along the northern walkway. They were halted by orders of officers of the Metropolitan Police and of the Capitol Police. Thereupon they sat down, fully occupying the walkway, sang, made speeches, and read papers. The police repeatedly warned them they were in violation of the law and would be arrested if they did not move back across First Street. They told the police officers they intended to assemble on the Capitol steps, that is, to march up to and around the Capitol Building to the East Front. It is agreed there was no rowdy conduct on the part of the demonstrators or untoward behavior on the part of the police. The demonstration went on for about an hour. The demonstrators refused to move. This appellant and a number of others were then arrested.

As we have said, two informations were brought against each person accused. They were on long, printed

---

1. Except for one block which protrudes along Constitution and Pennsylvania Avenues to Third Street, a matter not material to the present controversy.

forms, extended parts of which were struck out with ink lines. The remaining print constituted the information. Each of the two thus prepared and filed against each person accused presented one count. Thus in the present case one information charged that Feeley, late of the District of Columbia, on or about a certain day in the District of Columbia, and on First Street, Northwest, "did then and there [inked out] engage in disorderly conduct, to wit: [inked out] with intent to provoke a breach of the peace, and under circumstances such that a breach of the peace may be occasioned thereby, [inked out] congregate with others on a public street and U. S. Capitol Grounds and did refuse to move on when ordered by the police; [inked out]

"Contrary to and in violation of an Act of Congress Police Regulation in such case made and provided, and constituting a law of the District of Columbia." On the back of the form was printed

DISORDERLY
INDECENT EXPOSURE
VIOLATION ACT OF CONGRESS

and written, apparently in ink, "refuse to move".

On the other information the clauses "with intent to provoke [etc.]" and "congregate with others [etc.]" were stricken, and a clause reading "did engage in loud and boisterous talking and other disorderly conduct" was not stricken from the printed form and thus remained as the charging part of the information. So this information charged that Feeley "did then and there [inked out] did [sic] engage in loud and boisterous talking and other disorderly conduct". No locale was specified in this information, that space on the form being left blank.

When the trial began, counsel for the defense said, "Your Honor, before we proceed, I would like to have a clarification from Corporation Counsel as to the statutory violation involved in this case." The prosecutor said: "There are two violations being charged—one is Failing to Move on, Disorderly and the other is

Breach of the Peace, Disorderly which includes loud and boisterous talk, being part of the disorderly group." Defense counsel then said, "I would like the Statutory Citation, Your Honor." The prosecutor replied: "Section 1121, Title 22 and also there is another—but I mean the one I gave you would include both. There is the Failure to Move Statute too." The court then said, "All right—proceed." The prosecutor commented, "I could find the other citation for Counsel but that would cover both."

The trial proceeded. When it had concluded, the judge announced he would sentence the defendant to ninety days' imprisonment.

Title 22 of the District of Columbia Code deals with Criminal Offenses. It contains thirty-seven chapters. Various chapters deal with abortion, adultery, arson, and so on. Chapter 11 deals with Disorderly Conduct. It contains twenty-one sections, which deal separately with affrays, duelling, unlawful assembly, playing games, throwing stones, and so on. The last section (§ 22–1121) is entitled "Disorderly conduct—Generally." It begins with a general clause which reads: "Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—". Then follow five subsections specifying various actions. Subsection (2) reads: "congregates with others on a public street and refuses to move on when ordered by the police". None of the other subsections of this section is applicable here. The term "loud and boisterous talking" does not appear in any of the five specifying subsections of the section.

Another section of Chapter 11 of the Code (the chapter on Disorderly Conduct) is entitled "Unlawful assembly—Profane and indecent language." (Sec. 7.) It is one long and involved sentence and, inter alia, forbids people to congregate in or around any public building and engage in loud and boisterous talking or other disorderly conduct, or to crowd or obstruct the free use of any street,

etc., in such area or the free entrance into any public or private building.

Another section of another chapter of this Title of the Code (§ 22–3111)—the chapter on "Trespass—Injuries to Property"—deals with "disorderly and unlawful conduct in or about the public buildings and public grounds belonging to the United States within the District of Columbia". It says that a person found guilty of such an offense shall be fined not more than fifty dollars. The penalties under Section 22–1121 and Section 22–1107 are a fine of not more than $250 or imprisonment for not more than ninety days, or both.

The informations in the case at bar contained no identifying title, chapter or section number. One of them, as we have said, contains a quotation of the opening clause of Title 22, Chapter 11, Section 21—"with intent * * * [and] under circumstances", followed by a quotation of subsection (2) of that section— "congregate[s] with others", etc., but in the latter the words "and U. S. Capitol Grounds" are inserted in ink after the words "on a public street". This statute does not mention congregating on the U. S. Capitol grounds; it refers only to a public street. The other information [2] says the accused "did engage in loud and boisterous talking and other disorderly conduct". It may be that such talking annoys, disturbs, or is offensive to others and so violates Section 22–1121(1). but this section itself nowhere in terms specifies loud and boisterous talking as disorderly conduct. Such talking would seem to be forbidden by Section 22–1107. Thus one of these informations would appear to have been cast under 22–1121 and one under 22–1107. The D. C. Court of Appeals so read them, but that fact does not appear on the informations or in the record except as we have quoted from it. And certainly there is no such thing as "an Act of Congress Police Regulation".[3]

One of the informations does not allege where the offenses occurred. The other says they took place on First Street, but the proof showed the sitting, singing, and refusal to move did not occur on First Street but a hundred yards or more inside the Capitol grounds.

The trial judge did not formally find the defendant guilty or identify the statute under which he had tried the case. After a statement of general principles, he simply said, "I therefore will have to impose a sentence of ninety days in each case." The District of Columbia Court of Appeals said it was unnecessary to determine whether the Government waived prosecution under Section 22–1107 and relied solely on Section 22–1121 "because we believe the convictions can be sustained under Section 22–1121." It concluded, "The convictions are affirmed * * *." Nevertheless it remanded for resentencing under Section 22–3111.

There is an act of Congress, codified in both the United States (Title 40, Sec. 193a et seq.) and the District of Columbia Code (Title 9, Sec. 124), which provides with some precision rules for the governing of the United States Capitol grounds and the Capitol itself. It covers public travel, obstruction of roads, sale of articles, signs, parades, standing, displaying flags, etc. Offenses under that act are against the United States, and the statute specifically requires that the prosecutions be by the United States Attorney. That act was not invoked in the cases now at bar, although much of the recorded colloquy reads as if it were the generating cause of the action.

The activities upon which these prosecutions were premised were not accidental, covert or incidental. They were organized, planned, deliberate, openly performed. We think that when the participants were arrested and prosecuted they were entitled to know with some precision what law they had allegedly vio-

---

2. This information is blank as to the place in the District where the offense is alleged to have occurred.

3. Probably it was intended that one of these terms be struck from the printed form, but none of these words was stricken in this information.

220

lated. Perhaps this is miniscule, but, when the Congress enacts laws describing criminal offenses in intricate patterns and with apparent variations in details, we think enforcement officers must be correspondingly exact. We think these defendants could not be required to select from the maze of small statutes here potentially applicable the course probably to be chosen by the prosecutor. The judgment of the District of Columbia Court of Appeals will be vacated and the case remanded to that court with instructions to set aside the judgment of conviction.

So ordered.