**DISTRICT OF COLUMBIA, Appellant,**

v.

**Thomas JORDAN, Appellee.**

**No. 4176.**

District of Columbia Court of Appeals.

Argued April 24, 1967.

Decided July 25, 1967.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Principal Asst. Corp. Counsel, were on the brief, for appellant.

Mabel D. Haden, Washington, D.C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge.

The District of Columbia appeals from an order of the trial court dismissing an information charging that appellee did on a certain date and at a certain place "engage in disorderly conduct, to wit: was then and there a peeping Tom."

Dismissal of the information appears to have been on two grounds. The trial court first questioned the manner in

which appellee was brought into court.[1] We have ruled on more than one occasion that a court will not inquire into the manner in which an accused is brought before it, and that the legality or illegality of an arrest is material only on the question of suppressing evidence obtained by the arrest.[2] The manner in which appellee was brought into court furnished no basis for dismissing the information.

The second ground advanced by the trial court for dismissing the information was that the information was fatally defective in that it did not charge that appellee acted with an intent to provoke a breach of the peace or under circumstances such that a breach of the peace might be occasioned thereby.

Our disorderly conduct statute[3] provides that

> Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—

> (1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others;

> \*   \*   \*   \*   \*   \*

> shall be fined not more than $250 or imprisoned not more than ninety days, or both.

While one of the elements of the offense of disorderly conduct under our statute is that the conduct must occur with intent to provoke a breach of the peace or occur under circumstances such that a breach of the peace may be occasioned thereby, it is not necessary in every case for the information to follow the precise language of the statute. Here the information specified the exact conduct, that of a peeping Tom. Peeping Tom is a term generally understood to describe a person who stealthily peeps in windows to observe women.[4]

The allegation that appellee was then and there a peeping Tom sufficiently charged that his conduct was under circumstances such that a breach of the peace might be occasioned thereby. "The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility." Cantwell v. State of Connecticut, 310 U.S. 296, 308, 60 S.Ct. 900, 905, 84 L.Ed. 1213 (1940). The activities of a peeping Tom would certainly constitute a menace to the tranquility of a neighborhood.

The modern concept of criminal pleading, as embodied in the Federal Rules of Criminal Procedure, is that an information need only allege a plain, concise and definite statement of the essential facts constituting the offense charged.[5] It is our opinion that the information here meets the requirements of that concept.

The order dismissing the information is reversed.

---

1. It was admitted by the prosecution that appellee was "summoned" to appear in the Corporation Counsel's Office for what may be considered misleading reasons.

2. Williamson v. United States, D.C.App., 224 A.2d 309 (1966); District of Columbia v. Perry, D.C.App., 215 A.2d 845 (1966); Smith v. United States, D.C. Mun.App., 173 A.2d 739 (1961); How-

ard v. District of Columbia, D.C.Mun. App., 132 A.2d 150 (1957); United States v. McNeil, D.C.Mun.App., 91 A. 2d 849 (1952).

3. D.C.Code 1961, § 22–1121.

4. See Carey v. District of Columbia, D.C. Mun.App., 102 A.2d 314 (1954).

5. See Fed.R.Crim.P. 7(c).