Kenneth M. SAMS, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 4454.

District of Columbia Court of Appeals.

Argued Feb. 29, 1968.

Decided July 24, 1968.

William J. Garber, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge.

The principal claim in this appeal from a conviction of disorderly conduct (jostling) is that the trial court erred in granting the government's motion to amend after appellant moved to dismiss the information for failure to include therein material allegations required by statute.

D.C.Code 1967, § 22–1121, provides in pertinent part that

Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—

\* \* \* \* \* \*

(4) interferes with any person in any place by jostling against such person or unnecessarily crowding him or by placing a hand in the proximity of such person's pocketbook, or handbag; \* \* \*

shall be punished as the statute provides.

At trial, after the witnesses were sworn but prior to the taking of testimony, appellant moved to dismiss the information because it did not allege that the offense was committed "with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby."[1] The government then moved and was permitted to amend the information to conform to the language of the statute over appellant's objection that jeopardy had attached.[2]

Appellant now contends that the omitted words were essential to the charge, so that without them the information did not state an offense. Consequently, he says the defect was not one which could be cured by amendment and the information should have been dismissed.

GS Criminal Rule 6(c), upon which the government relies, provides that

* * * The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

On the other hand, GS Criminal Rule 10(b) (2) provides in pertinent part that

* * * Lack of jurisdiction or the failure of the information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

It is appellant's position that Rule 10(b) (2) compels dismissal of an information which fails to charge an offense, for otherwise, if a defective information may always be amended, the rule serves no purpose. In this instance we disagree.

As the government does not argue to the contrary, we will assume that the information was defective for failure to allege the breach of the peace section of the disorderly conduct statute.[3] It charged only that on May 24, 1967, in the 1300 block of F Street, N. W., appellant did "interfere with a person in a place by jostling against such person and unnecessarily crowding him and by placing a hand in the proximity of such person's pocketbook and handbag; * *" Looking to the provisions of Rule 6(c), however, it is evident that no additional or different offense was charged in the amended information. The time, place and nature of the offense remained the same and the same defenses were available to appellant before and after amendment. It is of record that appellant made no request for a continuance nor did he otherwise indicate after the amendment was allowed he was not prepared for trial. In fact, appellant makes no claim that an additional or different offense was thereby charged or that he was misled, surprised or prejudiced in any manner. See Bush v.

1. The information was a long, printed form with extended portions inked out including, erroneously, the breach of the peace clause. The amendment consisted of scratching over the ink line deleting this clause and initialling the same. By now it cannot have escaped anyone's notice that many problems could be avoided if the use of this "boiler-plate" type of information were discontinued. See, e. g., Feeley v. District of Columbia, D.C.Cir., 387 F.2d 216 (1967); Smith v. District of Columbia, D.C.Cir., 387 F.2d 233 (1967).

2. A determination of when jeopardy attached is unnecessary to this appeal, but we would point out that a valid information is requisite to a subsequent claim of double jeopardy. Haugen v. United

States, 153 F.2d 850 (9th Cir. 1946); Wolkoff v. United States, 84 F.2d 17 (6th Cir. 1936); cf. Burke v. United States, D.C.Mun.App., 103 A.2d 347 (1954).

3. This court has held that the omission of the identical language from an information charging disorderly conduct (peeping Tom) was not fatal. District of Columbia v. Jordan, D.C.App., 232 A. 2d 298 (1967). But see People v. Maher, Co.Ct., 117 N.Y.S.2d 634 (Broome County Ct. 1952); People v. Schultz, 301 N.Y. 495, 95 N.E.2d 815 (1950). We have also held that proof of a breach of the peace is not required under the statute. Stovall v. United States, D.C.App., 202 A.2d 390 (1964).

United States, D.C.App., 215 A.2d 853 (1966).

It has long been held that an information, unlike an indictment, may be amended by leave of court. Muncy v. United States, 289 F. 780 (4th Cir. 1923); Robles v. United States, D.C.Mun.App., 115 A.2d 303 (1955). And we think that under the circumstances of this case, where the omission complained of was not one of fact essential to appellant's understanding of the charge against him and where the amendment was not one prejudicial to his defense, it was permissible for the court to allow the information to be amended rather than grant dismissal and require the government to refile the information in amended or corrected form.

Appellant also claims error in the denial of his motion for judgment of acquittal. We hold the evidence at trial on the amended information sufficient to support a finding of guilt, and the conviction is

Affirmed.