**UNITED STATES, Appellant,**

v.

**Joan NICHOLSON et al., Appellees.**

**UNITED STATES, Appellant,**

v.

**Steven H. BURNS et al., Appellees.**

**UNITED STATES, Appellant,**

v.

**Robert L. ANTHONY et al., Appellees.**

**Nos. 5065–5067.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1969.

Decided March 13, 1970.

John G. Gill, Jr., Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, John F. Evans and Frederick G. Watts, Asst. U. S. Attys., were on the brief, for appellant.

Ralph J. Temple, Washington, D. C., for appellees. Robert C. Maynard, Washing-

ton, D. C., entered an appearance for appellees.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM.

The Government appeals from the dismissals of informations charging appellees with unlawful entry [1] in refusing to quit the East Front steps of the United States Capitol after being ordered to do so by the Chief of the Capitol Police. The authority relied upon to issue such order is the Capitol Grounds statute.[2] Appellees moved to dismiss the informations on the ground that § 9–124 of the statute is unconstitutional,[3] on its face [4] and as applied. The Government took the contrary position.[5] Chief Judge Greene took testimony on the motions and thereafter, in a comprehensive memorandum opinion, adopted a construction of the statute which saves it from unconstitutionality.[6] Holding the case of Edwards v. South Carolina [7] controlling, Judge Greene found sufficient basis in legislative and other materials for restricting the overbroad scope of § 9–124 "to the imposition of criminal punishment for acts or conduct which interferes with the orderly processes of the Congress, or with the safety of individual legislators, staff members, visitors, or tourists, or their right to be free from intimidation, undue pressure, noise, or inconvenience." As so limited, he said, the statute is constitutional. Since the Government could not present facts which would justify a conviction based on these standards, the informations were dismissed for failure to state an offense under the statute as interpreted.

We conclude that the trial court correctly analyzed and applied the law to the facts of these cases. Accordingly, the judgments of dismissal are

Affirmed.

1. D.C.Code 1967, § 22–3102. Appellees were members of a small group of persons who assembled on the East Front steps of the Capitol, without blocking the flow of pedestrian traffic into the Capitol, and one by one read names from a list of Vietnam war dead in an ordinary speaking voice.

2. D.C.Code 1967, § 9–118 *et seq.* (40 U.S.C. § 193a *et seq.*). The parties agree that the unlawful entry charge depends upon the validity of the Capitol Grounds statute.

3. § 9–124 (40 U.S.C. 193g) provides:
   It is forbidden to parade, stand, or move in processions or assemblages in said United States Capitol Grounds, or to display therein any flag, banner, or device designed or adapted to bring into public notice any party, organization, or movement, except as hereinafter provided in sections 9–128 and 9–129 of this title.

4. The view of Chief Judge Bazelon of the United States Court of Appeals. Jeannette Rankin Brigade v. Chief of Capitol Police, 137 U.S.App.D.C. ——, 421 F.2d 1090 (decided June 20, 1969) (dissenting opinion).

5. The view of Circuit Judge MacKinnon of the United States Court of Appeals. A Quaker Action Group v. Hickel, U.S.App.D.C. (No. 23,625 decided February 10, 1970) (dissenting opinion). *See also,* Feeley v. District of Columbia, 220 A.2d 325 (1966), rev'd on other grounds, 128 U.S.App.D.C. 258, 387 F.2d 216 (1967).

6. Washington Law Rptr., V. 97, No. 137, p. 1213 (1969).

7. 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963).