## Commonwealth v. Ristau

*Samuel F. Bonavita*, for Commonwealth.
*Mark M. Ristau*, for defendant.

WOLFE, *P. J.*, October 8, 1974—This matter is before us on defendant's appeal from conviction in the magistrate court for violation of section 1002(b)(6) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, January 24, 1966, P.L. (1965) 1497, sec. 3 (75 P.S. §1002).

Defendant was timed by radar traveling 74 miles per hour in a 55-mile-per-hour speed zone. Defendant does not contest the speed in which he was traveling, but raises as one of his crucial elements of defense that he was arrested in the State of New York. In this regard, the arresting officer, a member of the Pennsylvania State Police, testified that on May 5, 1974, at approximately 3:30 a.m., he was positioned in his patrol car, operating a radar ap-

proved by the Secretary of Revenue, at a point one-half mile south of the Pennsylvania-New York State boundary line, when defendant's vehicle triggered his automatic radar set at 65 miles per hour at 74 miles per hour. The officer gave chase in pursuit and pulled defendant over within one-half mile from the place his radar beam clocked defendant. The officer stated he was not certain if defendant was actually issued the citation in New York State. However, in his opinion, it was very close to the State boundary line and in his opinion the arrest was made in Pennsylvania and not New York State.

Defendant testified after he observed the red light of the patrol car he traveled for some distance and pulled over and stated without equivocation at the point he was issued the citation he was in the State of New York.

The issue to us is that of a "reasonable doubt." In Commonwealth v. Donough, 377 Pa. 46, 103 A. 2d 694 (1954), an approved charge on reasonable doubt was stated by the court as follows:

" 'The defendant comes before you presumed to be innocent and the burden is upon the Commonwealth to prove his guilt beyond a reasonable doubt. A reasonable doubt cannot be a doubt fancied or conjured up in the minds of the jury to escape an unpleasant verdict; it must be an honest doubt arising out of the evidence itself, the kind of a doubt that would restrain a reasonable man (or woman) from acting in a matter of importance for himself (or herself)'."

The legislature has clearly defined when an arrest can be made beyond territorial limits: Act of August 6, 1963, P.L. 511 (No. 267), sec. 1, as amended, November 2, 1973, P.L. 330 (No. 109), sec. 1, 19 P.S. §11, providing:

"Any police officer in the employ of a county, city, borough, town or township may arrest, with or without a warrant, any felon or person who has committed a misdemeanor or summary offense beyond the territory limits of the political subdivision employing such officer for such offense committed by the offender within the political subdivision employing the police officer if such officer continues in pursuit of the offender after commission of the offense: provided, however, that a police officer shall exercise only the power of arrest that he would have if he were acting within the territorial limits of the political subdivision employing him."

This act, as amended broadens the original act, which was limited to the pursuit by the arresting officer of one who had committed a felony and the act, as amended, permits the pursuing officer to continue his pursuit and arrest in those cases of a misdemeanor or summary offense, provided the officer is in continuous pursuit of the offender.

It is apparent from reading the statute that it is limited to arresting officers employed by county jurisdictions and its subdivisions and does not apply to the Pennsylvania State Police, who have State jurisdiction to make arrests in motor vehicle cases. The statute does not permit the pursuit by Pennsylvania State Police of one committing a misdemeanor or a summary offense into a sister State and therein make an arrest. This is in keeping with the common law doctrine of "fresh pursuit," wherein an officer in pursuit of a felon or a suspected felon had the authority to perfect an arrest without the originating jurisdiction provided the officer maintained his "hot pursuit" and the felon did not have a breathing spell before he was apprehended: 5 Am. Jur. 2d Arrest §51. This mandate

and limitation of jurisdiction to perfect an arrest is well pronounced in Commonwealth v. Troutman, 223 Pa. Superior Ct. 509, 302 A. 2d 430 (1973), and in District of Columbia v. Perry, 215 A. 2d 845 (1966).

Thus, we find no authority and none has been submitted to us that permits a Pennsylvania State policeman in pursuit of one committing a summary or misdemeanor offense to pursue the offender into a sister State and therein perfect a valid arrest. This privilege applies to arrest of one committing a felony and, although we question the reasoning of this legislation, it is nonetheless the law today. Why one committing a felony should be compelled to answer for it by the pursuing officer without his jurisdiction and not one committing a summary or misdemeanor offense is difficult to digest. The difference cannot be resolved on the seriousness of the crime alone because many misdemeanors, such as leaving the scene of an accident in which an operator is involved, can and does many times involve very serious injury and consequences. The prevailing law requires the officer pursuing one committing a summary or misdemeanor to "radio ahead" to the innocent jurisdiction to perfect the arrest, and when, in all probability, an officer can be summoned to perform the requested duty, the misdemeanant may have ceased his lawless activity or does not commit it within view of the arresting officer, as in the case of District of Columbia v. Perry, supra.

In that case a Maryland State police officer had observed an automobile being driven at a high rate of speed in Maryland and pursued it into the District of Columbia and radioed the United States park police for assistance. The driver was stopped by the

Maryland police and was informed he had been stopped for a speeding violation which started in Maryland. Shortly thereafter, a park police officer arrived at the scene and was told by the Maryland officer he had noted the driver driving in excess of the speed limit and, after stopping him in the District, had observed him to be in a drunken condition. This prompted the park policeman, having himself detected the odor of alcohol on the operator (who at that time was outside his vehicle) to place him under arrest and, after a urine test which indicated prima facie proof that the operator was under the influence of alcohol, the operator brought an action to suppress the results of the test and to dismiss the charges against him. The trial judge ruled that the operator was illegally arrested for the speed violation by the Maryland officer because he had no authority to arrest in the District of Columbia and the arrest made by the park police was illegal because the operation of the vehicle was not committed in his presence or view, and thus dismissed the speeding charge and granted the motion to suppress. This ruling was affirmed on appeal, holding the only authority for a Maryland State police officer to arrest existed by virtue of the Uniform Act on Fresh Pursuit of July 26 1939, ch. 375, §1, 23 D.C. Code §501, which permits a police officer of another State to enter the District of Columbia in fresh pursuit of a person committing a felony.

These sanctuaries against the law will continue to exist until the legislature reverts to some type of reason and logic, but until that time we are bound to apply the existing law as we find it in this case.

The arresting officer was equivocal in his testimony and did not and, in all probability, could not

state defendant was issued his citation in Pennsylvania. We can have some doubt as to the place of arrest, but we are not entitled nor privileged to speculate in this respect and, when the arresting officer testified he has some reservation as to the jurisdiction in which the arrest was made, this raises a reasonable doubt which must be resolved in favor of defendant.

For the foregoing reasons we enter the following

## ORDER

And now, October 8, 1974, defendant is found not guilty as charged.

Exceptions to the Commonwealth.