THE STATE OF OHIO, APPELLEE, *v.* ALLEN, APPELLANT.

(Nos. C-800594 and C-800595—Decided July 15, 1981.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, Mr. *Timothy J. Deardorff* and Mr. *Lee R. Slocum,* for plaintiff-appellee.

Mr. *Harry H. McIlwain, Sr.,* for defendant-appellant.

*Per Curiam.* The defendant seeks reversal of his conviction for the misdemeanor of driving while under the influence of alcohol (R.C. 4511.19).[1] He asserts in his single assignment of error that the court erred in overruling his motion to suppress evidence obtained against

---

[1] R.C. 4511.19 reads in pertinent part as follows:

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle, streetcar, or trackless trolley within this state."

him, contending that the arrest was illegal because it was made without a warrant for a misdemeanor offense not committed in the presence of the arresting officer. The claim has no merit.

At the suppression hearing, an officer of the Springfield Township Police Department testified that he responded to a radio broadcast of an automobile accident on Hamilton Avenue, arriving at the scene in approximately two minutes. He observed an automobile in the front yard of a private residence with the defendant standing twenty-five to thirty feet away from the vehicle. The defendant admitted that he owned the auto and that he had been driving. His speech was slurred and he had difficulty in walking. The officer placed the defendant under arrest, and a breathalyzer test was administered which indicated .23 percent alcohol in the blood. The defendant then testified, denied driving the car, and claimed that a man whom he could only identify as "Jim" had driven the vehicle into the yard. The court overruled the motion and the defendant submitted the case on the evidence presented. The defendant was found guilty and sentenced as appears of record.

We affirm the defendant's conviction on two grounds, holding that under the facts adduced the arrest was legal and that even if illegal the evidence need not be suppressed.

As a general rule, Ohio statutory law provides that a misdemeanor must be committed in the presence of a law enforcement officer before he may make a warrantless arrest. R.C. 2935.03.[2] The Supreme Court of Ohio has recognized an exception to this requirement, however, where the arresting officer arrives shortly after an automobile accident and the defendant appears intoxicated and admits to driving the vehicle. *City of Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.2d 496]. In the instant case, the facts are such that the officer could reasonably conclude that the defendant had been operating the vehicle while intoxicated. The defendant admitted he drove the car. The arrest was therefore legal.

Even if we were to conclude that because the offense was not committed in the presence of the officer the arrest was contrary to R.C. 2935.03 and therefore illegal, the facts as adduced would not require the suppression of evidence. The exclusion of evidence is not required for violations of statutory provisions by law enforcement officers that fall short of constitutional violations, unless specifically required by the legislature. *State* v. *Myers* (1971), 26 Ohio St. 2d 190 [55 O.O.2d 447]. In short, "the exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights." *City of Kettering* v. *Hollen* (1980), 64 Ohio St. 2d 232, 235 [18 O.O.3d 435].

In determining whether the defendant's arrest was unconstitutional, we note that an arrest without a warrant is

---

[2] R.C. 2935.03 read in pertinent part as follows:

"(A) A sheriff, deputy sheriff, marshal, deputy marshal, police officer, or state university law enforcement officer appointed under section 3345.04 of the Revised Code shall arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.

"(B) When there is reasonable ground to believe that an offense of violence, the offense of domestic violence as defined in section 2919.25 of the Revised Code, a theft offense as defined in section 2913.01 of the Revised Code, or a felony drug abuse offense as defined in section 2925.01 of the Revised Code, has been committed, a sheriff, deputy sheriff, marshal, deputy marshal, police officer, or state university law enforcement officer appointed under section 3345.04 of the Revised Code may arrest without a warrant any person whom he has reasonable cause to believe is guilty of the violation, and detain him until a warrant can be obtained."

constitutionally invalid unless the arresting officer had probable cause to make it at the time. According to the officer's testimony, the defendant appeared visibly intoxicated, admitted ownership of the vehicle and admitted driving it. We hold that the officer had probable cause to reasonably believe that a crime had been committed and that it had been committed by the defendant. The suppression of evidence is not warranted. The assignment of error is overruled.

We affirm.

*Judgment affirmed.*

BLACK, P.J., KEEFE and DOAN, JJ., concur.