Kate Mary SCHRAM, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 83–1534.

District of Columbia Court of Appeals.

Argued Nov. 13, 1984.

Decided Dec. 31, 1984.

---

Stephen J. O'Brien, Washington, D.C., for appellant.

Karen J. Krueger, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, were on brief, for appellee.

Before MACK, NEWMAN and TERRY, Associate Judges.

PER CURIAM:

In this case, we must decide whether Schram, who was outside her car when the police officer arrested her after arriving at the scene of an accident in which she had been involved, was committing a misdemeanor in his presence within the meaning of D.C.Code § 23–581(a)(1)(B) (1981). If not, then we must decide whether the results of a breathalyzer test, taken pursuant to her arrest, should have been suppressed. We conclude that the arrest was unlawful, that the breathalyzer results should have been suppressed, and that Schram's conviction for driving while intoxicated must be reversed.

Schram was involved in a multi-car collision. She attempted to leave the scene but was stopped by other persons. Chen, the operator of one of the cars involved, testified that it took approximately 45 minutes after the accident for the police to arrive. It is undisputed that when the police arrived, Schram was no longer in her car. After an investigation on the scene,

Schram was arrested for driving while intoxicated. A breathalyzer test, administered over her objection, showed a .27 reading. D.C.Code § 40–716(b)(1) (1984 Supp.) makes it a crime to operate or be in physical control of a motor vehicle with a breathalyzer reading of .10 or above. After a hearing on a motion to suppress, the trial court denied suppression and admitted the breathalyzer test results into evidence. Schram was convicted, and this appeal followed.

Under § 23–581, which is, in all respects relevant here, a codification of the common law of arrest, see United States v. Hamilton, 390 A.2d 449, 451 (D.C.1978), Schram's arrest was valid only if the police had probable cause to believe a misdemeanor was being committed in their presence. D.C. Code § 23–581(a)(1)(B). The statute which the District of Columbia contends was violated in the presence of the police is D.C. Code § 40–716(b)(1), which makes it a misdemeanor to "operate or be in physical control" of a vehicle while under the influence of alcohol or drugs. Thus, we must determine whether the trial court erred when it found that Schram was operating or in physical control of her car in the presence of the police officers involved.[1]

The resolution of this issue is controlled by our decision in District of Columbia v. Perry, 215 A.2d 845 (D.C.1966). There, on facts not different from those here in any relevant respect, Judge George D. Neilson suppressed the results of a urinalysis. The District of Columbia appealed. We affirmed, holding that where the officer did not see the driver operating the vehicle while intoxicated (even though he had clear probable cause to believe he had been doing so before the officer arrived), the arrest was invalid and the urinalysis results taken after the arrest must be suppressed. The government, however, contends that Taylor v. United States, 259

---

1. One officer had arrived on the scene and called for the alcohol unit. The officer operating the alcohol unit made the arrest and administered the test. At no time was Schram inside the car while either police officer was on the scene.

A.2d 835 (D.C.1969), on which the trial court relied, is authority for sustaining the trial court's ruling. *Taylor* is inapposite. In *Taylor*, we held that where a police officer observed a person still seated behind the wheel of a car which had just been in a collision, the driver was "operating" the car at the time the police officer observed him. Simply put, these are not the facts in this case, and thus, that is not this case.[2] We hold that the trial court erred when it held this arrest lawful. *District of Columbia v. Perry, supra. See also United States v. Hamilton, supra,* 390 A.2d at 452.

The District of Columbia suggests that even if we find the arrest unlawful as not being authorized by statute, we should affirm the denial of suppression since the arrest was made upon what Schram concedes to be probable cause, and thus, says the government, there is no constitutional deprivation.[3] Our holding in *District of Columbia v. Perry, supra,* compels that we reject this argument. Likewise, *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), compels the same results. In *Miller,* District police made a warrantless, forcible entry into a residence with probable cause to make a felony arrest therein, but without first announcing their authority and purpose as was required by 18 U.S.C. § 3109 (1945), and *Accarino v. United States,* 85 U.S. App.D.C. 394, 403, 179 F.2d 456, 465 (1949). The Supreme Court held that evidence seized as a result of such an entry made in violation of 18 U.S.C. 3109 (1945), and *Accarino, supra,* must be suppressed. We find no basis on which to distinguish this case from these prior holdings.[4]

 We find no merit to the District's contention that the admission of the evidence seized as a result of the unlawful arrest was harmless.[5]

*Reversed and remanded.*

---

2. Amendments to the D.C.Code subsequent to *Taylor* incorporated its holding into the statute. *Compare* D.C.Code § 40–609(b) (1973) (operate a vehicle while intoxicated) with D.C.Code § 40–716(b)(1) (1984 Supp.) (operate or be in physical control of a vehicle while under the influence).

3. The District of Columbia calls our attention to such cases as *People v. Burdo,* 56 Mich.App. 48, 223 N.W.2d 358, 360 (1974); *State v. Eubanks,* 283 N.C. 556, 196 S.E.2d 706, 709 (1973), and *State v. Allen,* 2 Ohio App.3d 441, 442 N.E.2d

784, 786 (1981), which appear to make this distinction in the context of tests for intoxication.

4. We reject the District of Columbia's contention that the arrest was valid under D.C.Code § 25–128(a) (1984 Supp.).

5. Our ruling includes the suppression of the responses made by Schram to Officer Hance when he asked her the questions contained on PD Form 29, the implied consent form.