UNITED STATES of America

v.

Everett A. WILLIAMS, Appellant.

No. 84–5478.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 29, 1985.
Decided Feb. 15, 1985.

Leslie M. Turner (Student Counsel), with whom Steven H. Goldblatt, Washington, D.C. (Appointed by this Court) and Susan L. Siegal were on brief, for appellant.

Daniel M. Zachem (Student Counsel), with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before ROBINSON, Chief Judge, EDWARDS, and STARR, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

Appellant Everett A. Williams appeals from the District Court's denial of his motion to suppress heroin taken from his person during a search incident to his arrest for disorderly conduct (for urinating in the hallway of a partially occupied apartment building). Williams was eventually convicted under 21 U.S.C. § 841(a) of possession of a controlled substance with intent to distribute. On appeal, he argued that his arrest was illegal, and the evidence uncovered pursuant to it was inadmissible, because the arresting officers merely witnessed him "fixing his pants" before a puddle of water and, therefore, did not see him commit a misdemeanor within their presence, as required by the District of Columbia's warrantless arrest statute. D.C.CODE ANN. § 23–581(a)(1)(B) (1981).

The relevant facts are these: on February 6, 1984, at approximately 7:15 p.m., police officers Dewey Watkins and Ronnie Murphy were conducting a routine check of a partially vacant apartment building located at 1430 W Street, N.W., in the District of Columbia, when they observed appellant Williams from a distance of approximately 60 feet fixing his pants over a wet spot. Transcript of Suppression Hearing (April 19, 1984) ("Tr. of Hearing") at 33. Williams was with another individual who, upon spotting the officers, told Williams, "Hey, the police are coming." *Id.* Williams attempted to flee up a stairwell from the third floor hallway but was apprehended by Officer Watkins on the fourth floor. *Id.* The officer then returned with Williams to the third floor and placed him under arrest for "urinating in public." *Id.* at 34. He then searched Williams incident to the arrest and uncovered the heroin. *Id.*

The District Court found that appellant's arrest under the District of Columbia's disorderly conduct statute, D.C.CODE ANN. § 22–1121 (1981), was "valid, appropriate and proper under the circumstances" and therefore denied the motion to suppress. Tr. of Hearing at 62. In so ruling, the trial judge made the following finding:

> while the officers did not testify and could not say that they actually saw [Williams] urinating, they saw the results thereof on the floor, at the place they had seen him "fixing his pants", which, to on [sic] ordinary and reasonable and prudent person could only mean that he had just completed doing what has been alleged here this afternoon.

 Appellant correctly asserts that the police must have probable cause to believe that a misdemeanor is being committed *in their presence* in order to make a warrantless misdemeanor arrest. Probable cause to believe that a misdemeanor has just been committed prior to the arrival of the police does not satisfy the District of Columbia's warrantless arrest requirements. *Schram v. District of Columbia,* 485 A.2d 623 (D.C.1984); *District of Co-*

*lumbia v. Perry,* 215 A.2d 845 (D.C.1966). According to Williams, the trial judge expressly found that the police spotted him in the hallway immediately *after* he had committed the offense and they therefore could not arrest him without a warrant since the misdemeanor was not committed in their presence.

 We remand the record because we believe the finding of the District Court quoted above is ambiguous and is susceptible of two different readings. The trial judge stated that Williams "had just completed doing *what has been alleged here this afternoon.*" Tr. of Hearing at 61 (emphasis added). If by "what has been alleged," the District Court judge was referring to Williams' alleged violation of the disorderly conduct statute, then his finding that Williams had just completed this violation is a finding that the offense was not committed in the officers' presence. If that is the case, the arrest was invalid under *Schram.* If, on the other hand, the trial judge was merely referring to Williams' act of urinating in the hallway, then we would have little difficulty finding the arrest valid. Williams was arrested not for the misdemeanor of urinating in public, but for disorderly conduct. In our view, the mere fact that Williams had finished urinating and was "fixing his pants" does not mean that he was no longer engaged in disorderly conduct. The District of Columbia disorderly conduct statute proscribes any annoying, disturbing or offensive acts taken "under circumstances such that a breach of the peace may be occasioned thereby." D.C.CODE ANN. § 22–1121(1) (1981). We think it self-evident that fixing one's pants over a puddle of urine in the hallway of a partially occupied building at 7 p.m. is an act sufficiently annoying and offensive to others that it might occasion a breach of the peace. At a minimum, the act is such that the police would have probable cause to believe that a breach of the peace might be occasioned, and therefore would have probable cause to believe a misdemeanor was being committed in their presence. This is all that the relevant stat-

ute requires. D.C.CODE ANN. § 23–581(a)(1)(B) (1981).

Since we cannot say with certainty which of the two possible readings of the trial court's findings is the correct one, we remand the record for clarification of the District Court's determination of probable cause. Upon remand, the trial judge should review the existing record of the suppression hearing in order to make a specific finding concerning whether the police had probable cause to believe that the appellant had committed the misdemeanor of disorderly conduct within their presence.

Following this determination by the District Court, the record will be returned to this panel for final decision on this appeal.