OPINION
Appellant State of Ohio is appealing the Mansfield Municipal Court's decision granting Appellee Terrence Byrne's motion to suppress. The following facts give rise to this appeal.
On January 12, 1997, Deputy Jeff Winbigler and Sergeant Will Gordon, of the Richland County Sheriff's Department, responded to a 911 disturbance call, in Perry Township, at appellee's residence. The caller, appellee's neighbor Theodore Hollinger, reported that someone was firing a weapon from the back of appellee's residence. Prior to the Richland County Deputies arriving on the scene, Sergeant Paul Lumadue and fellow officer William McBride, of the Bellville Police Department, arrived at appellee's residence. Although outside their jurisdiction, the Bellville Officers responded to the call to give mutual aid to the Richland County Sheriff's Department.
As the Bellville Officers approached the area of appellee's residence, they heard several shots. The officers observed two men standing on the deck, of appellee's residence, firing a rifle. The officers did not observe either man drinking while firing the weapon. Shortly thereafter, the deputies from the Richland County Sheriff's Department arrived. The Bellville Officers informed the deputies of their observations. The deputies approached appellee's residence and met appellee, at the sliding glass door, simultaneously. Appellee testified that as he reached to open the sliding glass door, both deputies pushed the door open, entered his residence, struggled with appellee, which resulted in a cut on his left ear, and placed appellant under arrest. The deputies took appellant outside and placed him in their cruiser. At no point did they inform appellee that he was under arrest.
The deputies returned to appellee's residence and spoke with appellee's friend, Douglas Marshall. Upon returning to the cruiser, without reading appellee his Miranda rights, the deputies asked appellee if he owned an AK-47. Appellee responded that he did own that type of rifle, although not an AK-47. Appellee subsequently accompanied the deputies back into his residence and retrieved the rifle from his basement. The deputies confiscated the weapon. It was only upon returning to the county building, with appellee in the back of their cruiser, that the deputies read appellee his Miranda rights.
The complaint issued to appellee charged him with engaging in conduct which presented risk of physical harm to himself or another while voluntarily intoxicated in violation of R.C.2917.11(B)(2), a minor misdemeanor; recklessly or by force resisting or interfering with the lawful arrest of himself or another under R.C. 2921.33(A), a second degree misdemeanor; and carrying or using a firearm or dangerous ordnance while under the influence of alcohol or drug of abuse in violation of 2923.15(A), a first degree misdemeanor.
On March 20, 1997, appellee filed a motion to suppress and/or motion to dismiss based upon the non-consensual entrance into his residence and subsequent warrantless arrest. Appellee also sought to suppress any evidence seized as a result of the arrest. The trial court conducted a hearing on appellee's motion on May 1, 1997. On February 20, 1998, the trial court granted appellee's motion to suppress on the basis that the state had no probable cause for the warrantless arrest of appellee. The State of Ohio timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO SUPPRESS ON THE GROUND THAT THE DEPUTIES DID NOT HAVE PROBABLE CAUSE FOR THE WARRANTLESS ARREST OF THE DEFENDANT-APPELLEE.
 Cross Appeal I. THIS HONORABLE COURT OF APPEALS SHOULD SUA SPONTE
TAKE JUDICIAL NOTICE OF CLEAR ERROR AND DISMISS THE CASE SUB JUDICE BECAUSE THE STATE DID NOT AFFORD DEFENDANT-APPELLEE A SPEEDY TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10 OF ARTICLE I OF THE CONSTITUTION OF OHIO, AND THE PROVISIONS OF OHIO REVISED CODE SECTION 2945.71 TO 2945.73, INCLUSIVE.
 I
The state maintains, in its sole assignment of error, the trial court erred when it determined the deputies did not have probable cause for the warrantless arrest of appellee. We disagree.
Appellant challenges the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. It is based upon this standard that we review appellant's sole assignment of error.
The United States Supreme Court held, in Payton v. New York
(1980), 445 U.S. 573, that absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment. Further, with regard to the government's interest in making an arrest for a minor offense, the presumption that a warrantless entry of a home is unreasonable "is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate." Welsh v. Wisconsin (1984),466 U.S. 740, 750.
In Ohio, the warrantless arrest on misdemeanors, the commission of which did not occur in the arresting officer's presence, violates R.C. 2935.03. However, the evidence flowing from the arrest of the defendant, in violation of the above statute, is not subject to suppression unless the arrest also violated the defendant's constitutional rights. Kettering v.Hollen (1980), 64 Ohio St.2d 232, 234-235; State v. Allen (1981),2 Ohio App.3d 441, 442.
In the case sub judice, the Richland County Deputies did not have an arrest or search warrant. Testimony was presented, at the suppression hearing, that the deputies did not hear or witness any shots being fired from the deck of appellee's residence. Tr. at 67, 75, 105. R.C. 2935.03(A) prohibits an officer from arresting a person for a misdemeanor offense on the basis of hearsay evidence alone, unless such offense involves violence, domestic violence, theft or illegal drugs. State v. Stacy (1983), 9 Ohio App.3d 55,57. The charges against appellee did not involve violence, domestic violence, theft or illegal drugs. Since only the Bellville Officers observed appellee's conduct, which they relayed to the deputies, the deputies did not have probable cause to arrest appellee for these misdemeanor offenses.
We further find the trial court properly suppressed the evidence obtained from the illegal entry into appellee's residence. The Fourth Amendment, as made applicable to the states by the Fourteenth Amendment, prohibits the police from making a warrantless and nonconsensual entry into a suspect's home to arrest the suspect. The court's rationale for this holding is that it was the physical entry of the house that was the chief evil against which the wording of the Fourth Amendment was directed. The Fourth Amendment has drawn a firm line at the entrance to a suspect's house and absent exigent circumstances, that threshold may not be crossed without a warrant. Payton at 585-586.
The record clearly establishes the deputies entered appellee's residence, without his permission, to make the illegal arrest of appellee. Tr. at 38, 60-61, 69, 83, 110, 112, 114, 117. By entering appellee's residence, without appellee's consent, the deputies violated appellee's Fourth Amendment rights. Although the record indicates appellee went with the deputies, into his residence, to retrieve the rifle from his basement, the record is clear he did so only because he was afraid the deputies may attack him again if he refused to cooperate. Tr. at 120. The deputies asked appellee to accompany them into the residence to retrieve the rifle, without informing appellee of his Miranda rights, and without informing him that he was under arrest. Tr. 119-120, 121.
We find the trial court's decision granting appellee's motion to suppress is not against the manifest weight of the evidence. This case presents clear violations of appellee's Fourth Amendment rights, which includes an illegal entry into appellee's residence, an illegal arrest for misdemeanor offenses, an illegal search of appellee's residence and a failure to inform appellee of hisMiranda rights.
Appellant's sole assignment of error is overruled.
 Cross Appeal
We will not address the issue raised by appellee in his cross appeal as we find this issue moot based upon our disposition of appellant's assignment of error.
Appellee's cross appeal is overruled.
For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court of Richland County, Ohio, is affirmed.