OPINION
Defendant-appellant, Devon Thompson, appeals his conviction, rendered in the Mason Municipal Court, for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).[1]
We affirm.
On December 8, 1997, at approximately 9:00 p.m., State Trooper Kenneth Ward observed appellant come to a stop at the intersection of Western Row and Columbia Road in Deerfield Township. Appellant then began to back up to the turn lane to go south on Columbia Road from Western Row. Appellant backed up approximately two hundred feet. Based on his observations, Ward stopped appellant's vehicle.
Ward spoke with appellant and noted an odor of alcohol on appellant's breath, slightly slurred speech, and bloodshot eyes. Ward asked appellant to perform field sobriety tests, and appellant performed poorly on four separate tests. Ward arrested appellant for driving under the influence of alcohol. At about 10:00 p.m., appellant was given a breathalyzer test and registered .129 grams of alcohol per two hundred ten liters of breath. Ward issued a citation charging appellant with violations of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(3).[2]
On January 12, 1998, appellant filed a motion to suppress. After a hearing, the trial court overruled the motion. Appellant then pleaded no contest to driving under the influence of alcohol contrary to R.C. 4511.19(A)(1). Appellant filed a timely notice of appeal and provides two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT BY NOT GRANTING THE MOTION TO SUPPRESS WHERE THERE WAS NO REASONABLE AND ARTICULABLE SUSPICION FOR THE INITIAL STOP.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT BY DENYING THE MOTION TO SUPPRESS BECAUSE THERE WAS NO PROBABLE CAUSE TO ARREST.
In his first assignment of error, appellant contends that Trooper Ward lacked reasonable suspicion for the traffic stop. When deciding a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of evidence. State v. DePew (1988),38 Ohio St.3d 275, 277. A ruling by the trial court will not be disturbed on appeal if it is supported by substantial and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37, 41. This court must determine as a matter of law whether the applicable facts meet the appropriate legal standard. Id.
Any police-initiated stop of an automobile, including a traffic stop, is a limited seizure under the Fourth Amendment and falls within the purview of Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868; and Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391. Generally, an officer is justified in making an investigative stop if specific and articulable facts suggest that a motorist may be committing a criminal act, including a traffic law violation. See, e.g., State v. Evans (1993), 67 Ohio St.3d 405, 412. The Ohio Supreme Court has held that, when "an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid." Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. Probable cause to arrest a suspect for driving under the influence is not necessary to stop a vehicle for suspected criminal activity. There must be, however, specific and articulable facts warranting the stop. State v. Brandenburg (1987), 41 Ohio App.3d 109. The propriety of the initial stop must be viewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, certiorari denied (1988),488 U.S. 910, 109 S.Ct. 264. The facts must be viewed from the perspective of a reasonable officer at the scene. State v. Andrews (1991),57 Ohio St.3d 86, certiorari denied (1991), 501 U.S. 1220,111 S.Ct. 2833.
 The basis for this stop was the fact that appellant had backed his car approximately two hundred feet at night, with no evidence that he gave any warning. R.C. 4511.38 provides:
 Before backing, operators of vehicles * * * shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway.
 No person shall back a motor vehicle on a freeway * * *.
We have previously noted that this statute does not per se forbid the backing of a motor vehicle on a street or highway, but only on a freeway. We have held that "when adequate visibility along with adequate stopping distance exists to enable a legally driven approaching vehicle to stop before colliding with a backing vehicle, which is exercising vigilance not to injure persons or property, it is error to declare the act of backing up is a violation of R.C. 4511.38." State v. Varney (June 22, 1987), Butler App. No. CA86-07-100, unreported.
Ward acknowledged that appellant backed safely and no other vehicles were present. Ward may or may not have had probable cause to cite appellant for improper backing and he was not cited for that offense. Less than probable cause, however, is needed for an investigative stop which is the issue in this case. The fact that appellant may or may not have been guilty of improper backing does not, as a matter of law, adversely affect the determination of whether the trooper possessed a legally sufficient basis to initiate the stop. See Michigan v. Defillippo (1979), 443 U.S. 31,99 S.Ct. 2627; State v. Parks (Sept. 18, 1998), Hamilton App. No. C-970814, unreported.
The trial court did not provide its reasons for denying appellant's motion, and there are no cases directly on point. However, evidence of erratic driving alone may be sufficient to warrant an investigative stop. See State v. Hilleary (May 24, 1989), Miami App. No. 88-CA-5, unreported. The reasonable suspicion standard only "entails some minimal level of objective justification for making a stop — that is, something more than an inchoate unparticularized suspicion or `hunch' * * *." State v. Jones (1990),70 Ohio App.3d 554, 556, 557.
We find that the trial court could properly determine that the combination of night conditions and the considerable distance covered, approximately two hundred feet, provided the trooper with reasonable suspicion of erratic driving or improper backing warranting an investigative stop. See State v. Denton-Boyer (May 26, 1998), Clermont App. No. CA97-11-096, unreported. This was not an ordinary backing of only one or two car lengths. See State v. Varney (June 22, 1987), Butler App. No. CA86-07-100, unreported. See, also, State v. Marshall (Apr. 25, 1997), Astabula App. No. 96-A-0055, unreported (two hundred feet, even when traveling slowly, may represent a potential traffic hazard). The trooper had more than an unparticularized suspicion or "hunch." Under the totality of the circumstances, the trooper had the requisite articulable and reasonable suspicion that appellant was operating his vehicle in violation of the law. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred by finding that Trooper Ward had probable cause to arrest appellant. Appellant contends that the smell of alcohol alone was insufficient, especially as the trooper did not characterize it as moderate or strong.
The existence of probable cause is a factual question to be determined by the trial court. State v. Conover (1985), 23 Ohio App.3d 161. As long as probable cause exists for the arrest, suppression of evidence is not required. See State v. Allen (1981),2 Ohio App.3d 441.
Ward testified that he noted an odor of alcohol on appellant's breath and that appellant's speech was a little slurred and his eyes were bloodshot. Ward therefore asked appellant to perform field sobriety tests. Appellant displayed all six clues on the horizontal gaze nystagmus test. Appellant swayed in large circles while performing the finger to nose test, and neglected to touch his heel to toe several times during the walk and turn test.
Based upon a careful review of the record, we find no error in the trial court's denial of appellant's motion to suppress based on a lack of probable cause. Appellant's bloodshot eyes, slurred speech, odor of alcohol about his person, and performance on field sobriety tests provided Ward with sufficient probable cause to arrest appellant for DUI.[3] The trial court properly overruled appellant's motion to suppress. See State v. Anderson (1995), 100 Ohio App.3d 688. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.
[1] R.C. 4511.19(A)(1) states that "no person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: The person is under the influence of alcohol * * *."
[2] R.C. 4511.19(A)(3) states that "no person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: * * * The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]"
[3] Appellant cites State v. Taylor (1981), 3 Ohio App.3d 197. In Taylor, the First Appellate District held that an odor of alcohol alone did not provide probable cause for a DUI arrest. As we have previously held, Taylor is distinguishable as it did not involve field sobriety tests. See State v. Herman (Aug. 21, 1995), Warren App. No. CA95-02-014, unreported.