RANDOLPH, Circuit Judge,
dissenting.
In 2003, when we heard Rashad’s direct appeal from his criminal conviction, he gave two, and only two, grounds for his claim of ineffective assistance of counsel: (1) his attorney underestimated the strength of the government’s case, and (2) his attorney misadvised him about the potential sentence he faced. See United States v. Rashad, 331 F.3d 908, 909 (D.C.Cir.2003). Because the factual validity of these contentions was unclear, we remanded “the record” to the district court for an evidentiary hearing. 331 F.3d at 912. Under our rules, we therefore retained jurisdiction over the case. See D.C. Cm. R. 41(b); United States v. Williams, 754 F.2d 1001, 1002-03 (D.C.Cir.1985).
The district court fully discharged the duty we imposed on it. After an extensive hearing, at which both Rashad and his trial attorney testified, the court found that the attorney correctly advised Rashad about the strength of the government’s case and about how much time Rashad might serve if he were convicted. When the record returned to us, Rashad argued neither of these grounds. Instead he raised an entirely new one, claiming that his attorney never told him that if he pleaded guilty to the charges “straight up,” he might receive a reduced sentence for accepting responsibility pursuant to § 3E1.1 of the Guidelines. The district court made no findings *404 about whether Rashad’s trial attorney ever advised him about § 3E1.1, so my colleagues decide to send the case back again for findings on this new claim. I would reject the claim outright because Rashad did not raise it in his original appeal and because we remanded the record only for findings on the two claims Rashad has now abandoned.
When “an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.” Northwestern Indiana Tel. Co. v. FCC, 872 F.2d 465, 470 (D.C.Cir.1989). The “rule serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later remands and appeals. Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 740 (D.C.Cir.1995).” Hartman v. Duffey, 88 F.3d 1232, 1236 (D.C.Cir.1996). It is of no moment that the government has not made this argument. As we recognized in Hartman, the rule is meant to conserve judicial resources, not to confer some right on the government that it may waive by not arguing the point. See United States v. Pryce, 938 F.2d 1343, 1348 (D.C.Cir.1991); id. at 1351 (Randolph, J., concurring). There is all the more reason to invoke the remand rule in a case such as this. Our practice is to allow a defendant, on direct appeal from a criminal conviction, to claim ineffective assistance of counsel despite the defendant’s failure to do so in the district court, and to remand for an evidentiary hearing if the record does not permit resolution of the claim on appeal. Other circuits would force a defendant in these circumstances to file a “habeas” petition under 28 U.S.C. § 2255. See, e.g., United States v. Weaver, 281 F.3d 228, 234 (D.C.Cir.2002); United States v. Geraldo, 271 F.3d 1112, 1116 (D.C.Cir.2001). In effect, then, our practice serves as a substitute for habeas. Congress has imposed severe limitations on successive habeas petitions. See 28 U.S.C. §§ 2244(b)(1), 2255; United States v. Vargas, 393 F.3d 172 (D.C.Cir.2004). Rashad’s new ineffective assistance claim is analogous to a successive habeas petition and it too should be disallowed for similar reasons — -namely, to prevent repetitive litigation and delay. See, e.g., Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir.2003).
Even if we may reach Rashad’s new claim, I would reject it. It is no wonder that the district court made no findings on the question whether Rashad knew his sentence might be reduced for acceptance of responsibility if he pleaded guilty without a plea deal. That question was not within the scope of our remand and was not litigated. We remanded the record only for findings on Rashad’s original ineffective assistance contentions. This is doubtless why, at the evidentiary hearing, neither Rashad nor his attorney was ever asked about whether Rashad received advice regarding acceptance of responsibility. As to whether Rashad knew he could plead “straight up,” it is clear that he did know and that, his attorney so advised him. Rashad testified that the government’s final plea offer was for him to plead to the indictment. When the court asked “The plea was straight up to the indictment?” Rashad answered “Yes.” A few moments later Rashad explained that he rejected the offer, “feeling, you know, why plead to the entire indictment.”
I believe my colleagues also misunderstand the district court’s findings, delivered orally. The majority opinion quotes one of the court’s statements and concludes that the court thought, incorrectly, that a defendant who maintains his innocence cannot plead guilty. Whatever the court had in mind, and in context this is far from clear, it had no effect on the court’s ultimate conclusion that Rashad’s attorney provided effective assistance. *405 Under Strickland v. Washington, 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 2064, 2067, 80 L.Ed.2d 674 (1984), a defendant cannot prevail on an ineffective assistance claim unless he shows not only that “counsel’s representation fell below an objective standard of reasonableness,” but also that counsel’s deficiencies were prejudicial. Before making its statement about the likelihood of Rashad pleading guilty, the court found that Rashad’s attorney had in fact advised him correctly about sentencing and the government’s case. That was enough to reject Rashad’s ineffective assistance claim. Only as an alternative ruling did the court add that even if Rashad had received bad advice on these subjects, he was not prejudiced because he still would not have pleaded guilty.***
For these reasons I respectfully dissent.

 That is precisely the way Rashad argued his case on remand. His memorandum of law stated that his "trial counsel committed two errors in advising Mr. Rashad.” The only alleged errors were those on which we ordered an evidentiary hearing:
First, he advised Mr. Rashad to go to trial based upon a negligent mis-assessment of the strength of the Government’s case on the drug charges. Second, trial counsel advised Mr. Rashad incorrectly concerning the sentencing that he faced if convicted at trial.
Defendant’s Memorandum of Law Concerning Ineffective Assistance of Counsel, at 11. The memorandum mentioned the prospect of Rashad's pleading to the indictment "straight up,” not as an ineffectiveness claim, but as the prejudice he suffered as a result of his attorney’s alleged "two errors.”