Johnathan M. SCOTT, Appellant,

v.

UNITED STATES, Appellee.

No. 04–CM–481.

District of Columbia Court of Appeals.

Submitted June 9, 2005.
Decided June 30, 2005.

William Francis Xavier Becker, Rockville, MD, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and Alessio D. Evangelista, Assistant United States Attorneys, were on the brief for the United States.

Before TERRY, RUIZ and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge:

Johnathan M. Scott entered a conditional plea of guilty to one count of possession with intent to use drug paraphernalia,[1] reserving the right to appeal the denial of his motion to suppress the evidence recovered from his person in a search incident to his arrest. Scott claims that the arrest was unlawful because it was for a civil infraction. The arresting officer's alleged mistake of law is immaterial, however, because, regardless of his actual reason for making the arrest, he did have probable cause to arrest Scott for committing a misdemeanor offense in his presence. Scott's Fourth Amendment rights were not infringed, therefore, and so we uphold the trial court's denial of his suppression motion and affirm his conviction.

Metropolitan Police Officer Maurice MacDonald, whose testimony the trial court credited, was investigating complaints of narcotics activity with two fellow officers when he saw Scott and a male companion walk through a gas station parking lot to a secluded area behind a "broken down parked van." The officers approached to investigate and observed Scott urinating on the front bumper of the van. Believing public urination to be a crime proscribed by municipal regulation in the District of Columbia, Officer MacDonald placed Scott under arrest. The officers then searched Scott and found two plastic bags in his front pants pocket. The bags contained marijuana residue.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. As the search of Scott's person was incident to his arrest, it was reasonable under the Fourth Amendment, and hence permissible, so long as the arrest itself was lawful, even if the arrest was for only a minor criminal offense. *See* *Gustafson v. Florida*, 414 U.S. 260, 266, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) (arrest of driver for not having driver's license in his possession); *United States v. Robinson*, 414 U.S. 218, 220–21, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (arrest for driving after license was revoked).[2] Scott's arrest was lawful so long as Officer MacDonald had probable cause to believe Scott was committing a criminal offense in his presence. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his

---

1. *See* D.C. CODE § 48–1103(a) (2001).

2. Although "searches incident to a valid arrest can be unconstitutional when the scope of the search is unjustified and the method used shocks the conscience," *Washington v. United States*, 594 A.2d 1050, 1053 (D.C. 1991), in marked contrast to the strip and body cavity search at issue in cases such as *Washington*, the search in this case was not even arguably egregious. *Cf. State v. Nieves*, 383 Md. 573, 861 A.2d 62 (2004) (holding that strip search was unreasonable following defendant's arrest on traffic charges).

presence, he may, without violating the Fourth Amendment, arrest the offender."); D.C. CODE § 23–581(a)(1)(B) (2001 & Supp. 2004) (providing that a law enforcement officer is authorized to arrest, without a warrant, "a person who he has probable cause to believe has committed or is committing an offense in his presence").

Although the record is not entirely clear, Scott asserts—and the government does not dispute—that Officer MacDonald arrested him for violating a particular municipal regulation relating to "Public Toilets."[3] *See* D.C. MUN. REGS. tit. 24, § 122.1 (2005).[4] Such a regulatory violation, Scott claims, is only a civil infraction, not a criminal offense, making his arrest unwarranted and the ensuing search unconstitutional. *See Barnett v. United States,* 525 A.2d 197, 198–99 (D.C.1987) (reversing conviction based on evidence seized following unlawful arrest for violating a noncriminal pedestrian traffic regulation). The government questions Scott's premise that violations of § 122.1 are not criminal, pointing out that D.C. Mun. Regs. tit. 24, § 100.6 (2005) states that "[A]ny person violating any provision of this title for which a specific penalty is not

provided [including § 122.1] shall, upon *conviction,* be punished by a *fine* of not more than three hundred dollars ($300)." (Emphasis added.) In the view we take of this case, however, we need not reach the issue.

■ Even if Officer MacDonald erred in arresting Scott for violating the municipal regulation, however, he did have probable cause to arrest Scott for violating an undisputably criminal statute in his presence. The officer saw Scott urinate on the front bumper of a van parked in a gas station parking lot and could have considered such conduct to be "an act sufficiently annoying and offensive to others that it might occasion a breach of the peace." *United States v. Williams,* 244 U.S.App. D.C. 20, 21, 754 F.2d 1001, 1002 (1985). Officer MacDonald thus had probable cause to arrest Scott for disorderly conduct in violation of D.C.Code § 22–1321 (2001).[5] Officer MacDonald also had probable cause to arrest Scott for defacing private property in violation of D.C.Code § 22–3312.01.[6]

■ Scott asserts that Officer MacDonald did not believe he had violated any of these criminal statutes and did not arrest him for doing so. Assuming Scott's

---

**3.** When Officer MacDonald testified at the suppression hearing, he was not asked, nor did he volunteer, the specific municipal regulation on which he relied in arresting Scott.

**4.** Although neither party makes this argument, we note that § 122.1 appears inapplicable to the conduct at issue in this case, as it provides:

No person shall blow, spread, or place any nasal or other bodily discharge; or spit, urinate, or defecate; on the floors, walls, partitions, furniture, fittings, or on any portion of any public convenience station, or in any place in a public convenience station; except directly into the particular fixture provided for that purpose.

*Id.* We understand the term "public convenience station" to refer to a place where rest room facilities are furnished for public use.

It is undisputed that Scott was not in such a facility when he was arrested.

**5.** "Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby: (1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others ... shall be fined not more than $250 or imprisoned not more than 90 days, or both." D.C.Code § 22–1321.

**6.** In pertinent part, the statute makes it "unlawful for any person ... willfully and wantonly to ... place filth or excrement of any kind" on public or private property. D.C.Code § 22–3312.01. The offense is a misdemeanor punishable by a fine of up to $1,000, imprisonment for up to 180 days, or both. *Id.* § 22–3312.04(a) (Supp. 2004).

assertion to be true, however, MacDonald's subjective belief makes no difference, for under both the Fourth Amendment and D.C.Code § 23–581(a)(1), the test of a lawful arrest is an objective one. "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause," and thus his "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford,* —— U.S. ——, ——–——, 125 S.Ct. 588, 593–94, 160 L.Ed.2d 537 (2004); *see also Whren v. United States,* 517 U.S. 806, 812–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Jefferson v. United States,* 776 A.2d 576, 580 (D.C.2001). In short, the "[s]ubjective intent of the arresting officer ... is simply no basis for invalidating an arrest. Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." *Devenpeck,* 125 S.Ct. at 594.

As Officer MacDonald had probable cause to believe that Scott was committing a misdemeanor offense in his presence, Scott's arrest was lawful, and the subsequent search of his person was reasonable within the meaning of the Fourth Amendment. We affirm Scott's conviction.